## HIRAM HASKELL vs. WILLIAM GORDON.

Personal property which is mortgaged to secure the mortgagee from all liabilities assumed by him for the mortgagor, " as indorser, joint promisor, surety or otherwise," may be specifically attached by another creditor of the mortgagor ; and the mortgagee cannot maintain an action against the officer who so attaches it, unless he first demands payment, and states an account of the demand for which the property is liable to him, according to the provisions of the Rev. Sts. c. 90, §§ 78, 79.

TRESPASS *de bonis asportatis.* At the trial, before *Wilde*, J. it was admitted that the defendant, as deputy sheriff, attached and took away the goods mentioned in the plaintiff's declaration, by virtue of two writs against Edward J. Hamblin. The plaintiff claimed the goods under a mortgage thereof made to him by said Hamblin, dated February 28th 1838, and recorded on the same day. The condition of this mortgage was thus : " Provided, that if the said E. J. Hamblin, his executors or administrators, at or before the expiration of nine months from the date hereof, pay and discharge, or cause to be paid and discharged, all notes of hand, debts or liabilities whatsoever, on account whereof the said Hiram Haskell is holden for said E. J. Hamblin, or for the late firm of Hamblin & Lawrence, as indorser, joint promisor, surety or otherwise, and shall at all times hold the said Haskell in all respects harmless from loss or expense by reason of such indorsement or other liabilities so by him assumed — then the foregoing instrument, as also one promissory note of even date herewith, given by said Hamblin to said Haskell, promising to pay the sum of $ 2100, in nine months from said date, shall all be void."

The plaintiff took possession of the mortgaged goods before the defendant attached them as aforesaid, and " continued said Hamblin in possession as his agent." The plaintiff had been summoned as trustee of said Hamblin in both the suits on which said goods were attached by the defendant, and had been discharged.

The defendant's counsel contended that the plaintiff could not maintain this action, without proving that he had stated in writing and delivered, either to the attaching creditors or to the defendant, a just and true account of the debt or demand for which said goods were liable, and had made a demand for payment of the same, according to the provisions of the Rev. Sts *c.* 90, §§ 78, 79. The judge, being of this opinion, advised a nonsuit, which was entered, subject to the opinion of the whole court.

*Colby & Clifford,* for the plaintiff, relied on the case of *John son* v. *Sumner,* 1 Met. 176, 177, where it was suggested by the court, that when the condition of a mortgage is to indemnify against liabilities, &c. the goods mortgaged cannot be specifically attached by a third party ; but that he is confined to the trustee process.

The 79th section of *c.* 90 of the Rev. Sts. requires a mortgagee to state an account of the debt or demand due to him, " when demanding *payment of the money due* to him." No money is due to a mortgagee who is secured, by a mortgage, against contingent liabilities incurred for the mortgagor as his indorser, surety, bail, &c. Besides, the mortgagee may not be able, in such cases, to state an account so as to receive the money ; and the attaching creditor may not be able to discharge the liabilities of the mortgagee.

*O. Prescott,* for the defendant. The provisions of the Rev. Sts. *c.* 90, §§ 78, 79, respecting the attachment of mortgaged goods. and the consequent duty of the mortgagee, are in the broadest terms, and without any exceptions. " Any personal property subject to *any* mortgage of which the debtor has a right of redemption, may be attached and held." " *Every* such mortgagee shall, when demanding payment of the money due to him

state in writing a just and true account of the debt or *demand* for which the property *is liable* to him," &c.

The suggestions, that were made in *Johnson* v. *Sumner*, go nearly to a repeal of the statute provisions. Some other condition besides that of paying money may always be inserted in a mortgage.

As a reasonable time is given for the statement of an account, the mortgagee may always be able to ascertain and state the amount for which the property is liable to him, in season to save his rights.

In many cases, the attaching creditor can literally discharge the mortgagee's liabilities. In other cases, he may be ready to advance money to the mortgagee, to indemnify him.

Suppose there are *no outstanding* liabilities, when the attachment is made ; is it not clear that the attachment will hold ?

If the creditor is confined to the trustee process, there are numerous cases in which he can derive no benefit from it : As where the mortgagee resides without the Commonwealth ; *Ray* v. *Underwood*, 3 Pick. 302 ; or where he is about removing the mortgaged property out of the Commonwealth ; or where there is collusion between him and the mortgagor.

DEWEY, J. By the Rev. Sts. *c.* 90, §§ 78, 79, full authority is given for making an attachment of personal property that is subject to any mortgage, and of which the debtor has the right of redemption. The right of making such attachment is, in the first instance, unqualified and without the performance of any precedent duty, but liable to be dissolved in case of the failure of the attaching creditor to pay to the mortgagee the amount for which the property is liable on the mortgage, within twenty-four hours after the same is demanded. Such demand is to be made within a reasonable time, or the mortgagee may lose his lien ; and the demand is to be accompanied with a statement in writing, containing a just and true account of the debt or demand for which the property is liable to him.

It has been heretofore decided, that as a general rule, applicable to ordinary cases, no action can be maintained by the mortgagee for the recovery of such property, or of damages sustained

by the taking of the same by the officer, until such demand and statement have been made. But it is contended, that if goods are mortgaged to secure the performance of any other obligation than the payment of money, they cannot, by virtue of the provisions of the statutes referred to, be attached specifically, but that the creditor must resort to the trustee process against the mortgagee, if he would acquire a lien on the debtor's equity of redemption. As was suggested in the case of *Johnson* v. *Sumner*, 1 Met. 176, there are undoubtedly great practical difficulties in carrying out fully the provisions of the statutes on this subject, in cases of mortgages with condition to indemnify against contingent future liabilities, or to secure the performance of future collateral acts to be performed by the mortgagor ; and these difficulties may be such, in peculiar cases, as to render it impossible for the creditor so far to comply with the duty devolving on him after a demand by the mortgagee, as will be effectual in retaining his specific attachment on the property mortgaged.

The provisions for the transfer of the property to the custody of the officer, and furnishing the proper indemnity to the mortgagee, as prescribed in cases of proceedings under the trustee process, are also more convenient and better adapted to thi class of cases, than those in relation to proceedings by specific attachment. Rev. Sts. *c.* 109, §§ 25, 26.

On the other hand, there are serious objections to depriving the creditor of the remedy by specific attachment, whenever it can be rendered available ; as it may be the only effectual means of securing his debt. The mortgagee may be insolvent, or without any fixed local habitation, or personal responsibility to respond on proceedings under a *scire facias* ; or the equity of redemption may be about to expire ; and in such cases, the right should be secured to resort to specific attachment, in all cases within the reasonable construction of the statute.

The objection, that it may be difficult or impracticable for the creditor to retain his attachment, by paying to the mortgagee the amount for which the property is liable to him, is not, however, an objection that can operate to prevent an attachment being

made, in the first instance. The statute gives this right in the broadest terms. The property being thus legally the subject of attachment, it is held under such attachment until the mortgagee shall, by his act, place the attaching creditor in such a situation, that he can no longer continue his attachment by reason of his failure to perform what the statute makes requisite, as a condition upon which alone he may retain the possession of the goods against the mortgagee. The happening of such event is a contingency, the responsibility of which rests with the attaching creditor.

It is enough for the present purpose to say, that there may be cases of mortgages given to secure against future and contingent liabilities, for which the mortgagees might receive such sums as would be a full indemnity and discharge of their lien, and yet leave to the attaching creditor ample funds for his security. Suppose a mortgage of property of the value of $500 to secure bail, or a receipter of personal property attached, where the demand sued did not exceed $100. In such case, the creditor, after paying to the mortgagee the sum of $100, would by his attachment acquire a valuable unincumbered lien to the amount of $400.

We do not think, therefore, that the circumstance that the property is mortgaged to secure the mortgagee against future contingent liabilities, or for the performance of some collateral act, can excuse the mortgagee from making a demand and stating an account of the nature and extent of his claim, if he would dissolve the attachment and regain the possession of the property. Such a case presents no difficulty in giving notice of the existence of such mortgage, or in making a demand for the restoration of the property. Thus much the mortgagee clearly may do. And as to the rendering of a true and just account of his claims upon the property, although he cannot be required to give a more exact account than the nature of the case reasonably admits, yet he can state the general character of his demand, and the particulars of the extent of the lien, just so far as it may have assumed a certain and definite shape.

In the present case, the mortgagee made no demand, or state

ment of the nature or extent of the mortgage, before the institution of the suit, and he must, for that reason, fail in sustaining his action.

*Nonsuit to stand.*